HONORABLE RICHARD A. JONES

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

COLE | WATHEN | LEID | HALL, P.C.,

Plaintiff,

11

v.

12

13

ASSOCIATED INDUSTRIES
INSURANCE COMPANY, INC., a Foreign
Corporation; and AMTRUST NORTH
AMERICA, INC., a Foreign Corporation,

14

15

Defendants.

16

Case No.  2:19-cv-02097-RAJ

ORDER ON PARTIES' MOTIONS
TO DISMISS

17

## I.   INTRODUCTION

18

Before the Court are two motions: Plaintiff's Motion to Dismiss Defendant's

19

Later-Filed Lawsuit (Dkt. # 26) and Defendants' Motion to Dismiss (Dkt. # 28).  For the

20

reasons below, the Court **DENIES** the motions.

21

## II.   BACKGROUND

22

Assigned to this Court are two cases arising out of the same insurance dispute.

23

This is one of those cases.  Plaintiff COLE | WATHEN | LEID | HALL, P.C. ("CWLH"),

24

a law firm, originally filed this lawsuit in King County Superior Court.  Dkt. # 1-1.

25

According to its initial complaint, CWLH had a default judgment entered against it in

26

another lawsuit.  *Id.* ¶ 2.1.  In that lawsuit, CWLH moved to set aside the judgment, the

27

court there denied the motion, and CWLH appealed.  *Id.* ¶¶ 2.1-2.2.  While on appeal,

28

ORDER – 1

1    CWLH sought coverage from its apparent insurer, Defendant Amtrust North America

2    ("Amtrust"), but was denied, so CWLH sued Amtrust for breaching the parties' insurance

3    policy.  *Id.* ¶¶ 2.3, 2.7, 2.10.  Soon after, Amtrust removed the action to this Court.  Dkt.

4    # 1-1.

5            Three days after removal, Defendant Associated Industries Insurance Company,

6    Inc. ("Associated Industries") filed another action in this district: *Associated Industries*

7    *Insurance Co. Inc. v. Cole Wathen Leid & Hall PC*, No. 2:20-cv-00014-RAJ (W.D.

8    Wash. filed Jan. 3, 2020) (hereinafter *Associated*).  At the time, Associated Industries was

9    not yet a party to this action, and *Associated* was assigned to Judge Marsha J. Pechman.

10   Dkt. # 1-1.  In *Associated*, based on seemingly identical facts, Associated Industries seeks

11   declaratory judgment on and rescission of the same insurance policy here.  Complaint at

12   2-5, *Associated.*

13           After Associated Industries filed its complaint in *Associated*, Amtrust moved to

14   dismiss CWLH's initial complaint.  Amtrust argued that (1) CWLH improperly sued

15   under a fictitious name and (2) Associated Industries, not Amtrust, was the actual insurer.

16   Dkt. # 28 at 2; *see also* Dkt. # 12.  In response, CWLH amended its complaint, naming

17   Associated Industries as a defendant.  Dkt. # 16.  The parties then exchanged motions to

18   dismiss: CWLH moved to dismiss *Associated*, while Defendants Amtrust and Associated

19   Industries (collectively, "Defendants") moved to dismiss this case.  Dkt. ## 26, 28.

20   Weeks after the parties filed their motions to dismiss, *Associated* was reassigned to this

21   Court.

22           Thus, before this Court are two actions, and the parties seek to dismiss one.

### III.  DISCUSSION

24           All parties believe that the first-to-file rule applies, and each believes that the rule

25   applies in its favor.  Before the Court analyzes the first-to-file rule, it addresses

26   Defendants' argument that, because CWLH filed its initial complaint under a fictitious

27   name, the complaint suffers from a defect that could not be cured by amendment.

28   ORDER – 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.      Amendment of Case Caption

Every pleading must have a caption, and the "title of [a] complaint must name all the parties."  Fed. R. Civ. P. 10(a).  But "the caption of an action is only the handle to identify it."  *Hoffman v. Halden*, 268 F.2d 280, 303-04 (9th Cir. 1950), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962).  The contents of a caption are not part of a statement of a claim and are "not determinative as to the identity of the parties of the action."  5A A. Miller, M. Kane, & A. Spencer, Federal Practice & Procedure § 1321 (4th ed. 2014).

When CWLH first filed this action in state court, it used an initialism in the case caption.  Dkt. # 1-1 at 1.  Rather than using its full legal name, COLE | WATHEN | LEID | HALL, P.C., it listed "CWLH" as the named plaintiff.  *Id.*  Below the caption, however, in the complaint's preliminary statement, CWLH wrote, "COMES NOW, the Plaintiff, COLE | WATHEN | LEID | HALL, P.C., herein after 'CWLH' and presents the following Complaint for Damages."  *Id.* (emphasis omitted).  Later, CWLH amended its complaint and changed the case caption to reflect its full legal name.  Dkt. # 16 at 1.

Defendants now argue that "CWLH" is not a legal entity but rather a fictitious or trade name.  Dkt. # 28 at 3.  Citing several cases, they conclude that improperly commencing an action under a fictitious name is not curable by amendment.  *Id.* at 3-5. Apparently, Defendants believe that, even after CWLH amended the case caption, it still seeks to "proceed[] under a fictitious name without permission."  *Id.* at 5.

Defendants' argument is curious.  First, from the start, CWLH has not tried to conceal its identity.  Dkt. # 1-1 at 1.  In the caption of its initial complaint, CWLH indeed used an initialism, but it listed its full name directly underneath.  *Id.*  It is unlikely that this obscured CWLH's identity and prejudiced Defendants.  In fact, days after AmTrust removed this action to this Court, Associated Industries filed a separate action, properly naming COLE | WATHEN | LEID | HALL, P.C. as a defendant.  Dkt. # 28 at 2.  Given that, the Court presumes that Defendants have known early on what "CWLH" stood for.

ORDER – 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Second, CWLH does not seek to proceed anonymously going forward.  It already amended the case caption, which now lists CWLH's full name.  Dkt. ## 16, 28.  The amendment was made as a matter of course, and Defendants' authorities on fictitious names are inapplicable.  Thus, the Court will not dismiss CWLH's action for its supposed use of a fictitious name.

### B.      First-to-File Rule

The "first-to-file" rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in *another district*."  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (emphasis added).  Historically, courts in this circuit have also applied the rule to cases in the same district.  *See, e.g.*, *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013); *Gatlin v. United Parcel Serv., Inc.*, No. 2:18-cv-03135-SVW-AS, 2018 WL 10161198, at *3-4 (C.D. Cal. Aug. 23, 2018) (compiling cases).  But they have not extended the rule to cases proceeding before the same judge.  In such instances, the federal comity concerns underlying the first-to-file rule are not present, so courts in this circuit have declined to extend the rule accordingly.  *See, e.g.*, *Amezquita v. Target Corp.*, No. 5:18-cv-01109-JVS-SP, 2018 WL 6164293, at *3-4 (C.D. Cal. July 9, 2018) (compiling cases); *Bowles v. Leprino Foods Co.*, No. 1:19-cv-00635-AWI-BAM, 2020 WL 3256845, at *3 (E.D. Cal. June 16, 2020) ("Therefore, without further clarification from the Ninth Circuit, the Court . . . takes the position that the first-to-file rule is inapplicable when the earlier-filed lawsuit is pending in the same district and before the same judge as the instant lawsuit.").

The Court sees no reason to deviate from that authority.  Both this case and *Associated* were filed in this district, and both cases are now before one judge.  Thus, the need for comity is diminished, and the first-to-file rule does not apply.  The Court will not dismiss either case on these grounds.

ORDER – 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Dismiss Defendant's Later-Filed Lawsuit (Dkt. # 26) and **DENIES** Defendants' Motion to Dismiss (Dkt. # 28).

DATED this 30th day of June, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5